UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DERRICK D'KEITH AKINS,     Plaintiff,

v.     Civil Action No. 3:21-cv-P276-DJH

CITY OF LOUISVILLE, KY, *et al.*,     Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Derrick D'Keith Akins, a convicted inmate at the Green River Correctional Complex, filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court upon initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff sues the City of Louisville; Mayor Greg Fischer; the Louisville Metro Police Department (LMPD); former LMPD Police Chiefs Steve Conrad, Robert Schroeder, and Yvette Gentry; current Police Chief Erika Shields; Detective Omar Lee; Sgt. Amanda Tolle[1]; Sgt. Corey Robinson; and Lt. Jeff Artman. He sues Defendants in their individual and official capacities.

Plaintiff states that he was arrested on October 27, 2014, on a domestic violence charge. He alleges that Defendant Tolle lied in his arrest warrant, was biased against him, and made false statements when testifying in front of the grand jury. He also states that Defendant Lee interrogated him unlawfully and made false statements in his suppression hearing. Plaintiff alleges "that his alleged confession was the product of coercion coupled with severe sleep

---

[1] Plaintiff lists this Defendant as "Amanda Tolle/Seelye" but primarily refers to her in the body of the complaint as Detective Tolle. The Court will identify her as Defendant Tolle herein for ease of reference.

deprivation which resulted in his lowered resistance to Det. Lee's interrogation." Plaintiff alleges, "Det. Lee's lies coupled with Det Tolle's lies was a heavy motivating factor forcing Mr. Akins to plead guilty. Had they told the truth Mr. Akins' indictment could very well have been thrown out, charges reduced and certainly lead to a very different outcome." Plaintiff states that the detectives "falsified their reports and committed perjury and concealed evidence that would exonerate [him]," which violated his "right to a fair trial, protected by the 8th amendment." He also states that Defendants Tolle and Lee violated LMPD policies and procedures.

Plaintiff further asserts that Defendant Artman was a member of the LMPD Professional Standard Unit (PSU) and responsible for handling his complaint against Defendants Lee and Tolle. He alleges that Defendant Artman was involved in a cover up of the detectives' actions. He states that Defendant Robinson was the PSU officer who investigated his complaints against Defendants Tolle and Lee and that he violated LMPD procedures "by not ever making a determination as to the validity of Mr. Akins' complaint."

Plaintiff also states that Defendants Conrad, Schroeder, Gentry and Shields were notified of Plaintiff's complaints against Defendant Tolle and Lee and his claims about the "flawed investigation" by the PSU and "did not insure that the policies and procedures were followed and that the disturbing allegations against these 2 detectives were reconciled properly." He also states that Defendant Mayor Fischer was aware of his complaints about the two detectives and "did not address the situation."

As relief, Plaintiff seeks compensatory and punitive damages and to "change the leadership chiefs, majors, lts. of LMPD."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

### A. Individual-capacity claims

#### 1. False arrest

Plaintiff alleges a violation of the Eighth Amendment. However, the Eighth Amendment protects a convicted inmate from cruel and unusual punishment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). It does not apply in the context of an arrest. The Court construes the complaint as alleging § 1983 claims for false arrest in violation of the Fourth Amendment against Defendants Tolle and Lee. Plaintiff states that his arrest occurred on October 27, 2014. Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay*

*Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 388). Therefore, Plaintiff's statute of limitations on this claim began to run on the date of his arrest, October 27, 2014, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations, therefore, expired on or about October 27, 2015. Because the complaint was not filed until April 26, 2021,[2] approximately five and a half years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's claims for false arrest are untimely and must be dismissed as frivolous.

## 2. PSU investigation

Plaintiff's allegations against Defendants Artman and Robinson are based only on their participation in the LMPD PSU investigation of his complaints about Defendants Tolle and Lee. Plaintiff does not state when their alleged actions occurred. However, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A claim based on an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54 (1986); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 455 (M.D. Tenn. 2018) ("[T]o the extent that [] Plaintiff asserts that [] Defendant violated his rights by failing to investigate his assertions of factual innocence, the Plaintiff has not stated a cognizable [§ 1983] claim."); *Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala.

---

[2] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017). Accordingly, Plaintiff's claims against Defendants Artman and Robinson must be dismissed for failure to state a claim upon which relief may be granted.

### 3. *Respondeat superior*

Plaintiff's claims against Defendant Mayor Fischer, former Police Chiefs Conrad, Schroeder, and Gentry, and current Police Chief Shields are based on their supervisory roles over other Defendants and their failure to act. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d at 421. There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees. *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). Accordingly, Plaintiff's claims against Defendants Fischer, Conrad, Schroeder, Gentry and Shields must be dismissed for failure to state a claim upon which relief may be granted.

### 4. *Violation of LMPD policies and procedures*

Further, Plaintiff alleges that Defendants violated various LMPD policies and procedures. Failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation); *see also Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004). Therefore, Plaintiff's claims based on failure to follow LMPD policies and procedures against all Defendants will be dismissed for failure to state a claim.

### B. City of Louisville, LMPD, and official-capacity claims

The Court construes the claim against Defendant City of Louisville as being brought against the merged Louisville Metro Government. *See St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the Louisville Metro Government"). Moreover, Defendant LMPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Plaintiff's claim against LMPD is construed as brought against Louisville Metro Government. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). In addition, Plaintiff's claims against each of the individually-named Defendants in their official capacities are also construed as brought against Louisville Metro Government, as their employer. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at n.55).

7

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Since Plaintiff failed to establish a constitutional violation in his complaint, the claims against Defendants Louisville Metro Government, LMPD, and Defendants in their official capacities claims must be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:


cc: Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4415.010